IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| United States Equal Employment Opportunity Commission,<br><br>              Plaintiff,<br>  v.<br><br>Happy Dog Enterprises, LLC,<br><br>              Defendant.<br>_____/ | NO. C 07-01778 JW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT** |

## **I.  INTRODUCTION**

The United States Equal Employment Opportunity Commission ("Plaintiff") brought this action on behalf of Lalani Ponce against Happy Dog Enterprises, LLC ("Defendant") for violations of Title VII of the Civil Rights Act of 1964 and Section 102 of the Civil Rights Act of 1991.[1] Plaintiff alleged that Defendant unlawfully engaged in sex discrimination by discharging Ms. Ponce because she was pregnant.

On June 28, 2007, the Clerk of Court made an entry of default pursuant to Fed. R. Civ. P. 55(a). (See Docket Item No. 7.) On February 13, 2008, on motion by Plaintiff, the Court entered an Order Granting Plaintiff's Motion for Default Judgment ("Default Judgment") and Judgment in the amount of $97,752.92. (See Docket Item Nos. 21, 22.)

---

[1] The United States Equal Opportunity Commission is authorized to bring this action under 42 U.S.C. 2000e-5(f)(1), (3).

1  Presently before the Court is Defendant's Motion to Set Aside Default Judgment. (hereafter,
2 "Motion," Docket Item No. 30.) The Court conducted a hearing on November 17, 2008. Based on
3 the papers submitted to date and oral argument, the Court DENIES Defendant's Motion to Set Aside
4 Default Judgment.

## II.  DISCUSSION

Defendant moves to set aside the Default Judgment on the grounds that (1) pursuant to Fed. R. Civ. P. 60(b)(4), the Default Judgment is legally void, and (2) pursuant to Fed. R. Civ. P. 60(b)(1), the Default Judgment is the result of an excusable mistake on the part of Defendant. The Court considers each issue in turn.

### A.    Whether the Default Judgment Should Be Set Aside Under Fed. R. Civ. P. 60(b)(4)

Defendant moves to set aside Default Judgment under Federal Rule 60(b)(4) on the ground that the Clerk's entry of default on June 28, 2007 was improper. (Motion at 5.) Specifically, Defendant contends that the entry of default by the Clerk of Court, a prerequisite to the Court's entry of Default Judgment, was improper because Plaintiff filed its *Ex Parte* Request for Entry of Default before a responsive pleading was due.[2] (Motion at 5-6.) Thus, the underlying issue is whether the Clerk's entry of default should be set aside, thereby vitiating the Default Judgment.

Under Fed. R. Civ. P. 60(b)(4), a court "may relieve a party or its legal representative from a final judgment" if "the judgment is void." An entry of default is void if it was procedurally improper. See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 689 (9th Cir. 1988) ("[T]he issue is whether [the defendant] appeared. If it did, a default entered by the clerk is void *ab initio*.") Otherwise, a district court has broad discretion to determine whether good cause has been shown. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986). The discretionary good cause standard requires consideration of three disjunctive factors: (1) whether

---

[2] To obtain a default judgment under Fed. R. Civ. P. 55(b), the clerk of court must first make an entry of default pursuant to Fed. R. Civ. P. 55(a). Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The clerk of court may enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

2

the defendant engaged in culpable conduct leading to the default; (2) whether the defendant has a meritorious defense; or (3) whether setting aside the default would prejudice the plaintiff. Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004). As these factors are disjunctive, a district court is free to deny a motion to set aside an entry of default if any of the factors weighs against setting aside the default. Id. at 926 (citing American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1008 (9th Cir. 2000)).

In this case, Plaintiff filed its Request for Entry of Default on June 12, 2007. In the affidavit supporting its Request, Plaintiff stated that service of process was completed on May 17, 2007 and that Defendant's answer was due on June 6, 2007. (See Declaration of Marcia L. Mitchell in Support of Request to Enter Default ¶¶ 2, 4, hereafter, "Mitchell Decl.," Docket Item No. 4.) However, this statement was erroneous. The proof of service filed by Plaintiff on May 29, 2007 indicates that service of process was effected through the substitute service provision under California Code of Civil Procedure § 415.20, as permitted under Fed. R. Civ. P. 4(e). (See Proof of Service, Docket Item No. 3.)

Under Cal. Code Civ. Proc. § 415.20, a corporation can be served by leaving a copy of the summons and complaint during usual office hours with the person "who is apparently in charge thereof," and thereafter mailing a copy of the summons and complaint by first-class mail to the same location where the summons and complaint were personally delivered. "Service of a summons in this manner is deemed complete *on the 10th day after the mailing*." Cal. Code Civ. Proc. § 415.20(a) (emphasis added).

Here, the Summons and Complaint were left with the person apparently in charge of Defendant's business and mailed by first-class mail on May 17, 2007. (See Proof of Service, Docket Item No. 3.) Accordingly, service upon Defendant was not effective until May 27, 2007; Defendant's answer was not due until June 16, 2007. See Fed. R. Civ. P. 12(a).

Defendant contends that, despite its failure to answer by June 16, 2007, the Clerk of Court's June 28, 2007 entry of default is void because Plaintiff's request to enter default was filed before

3

June 16, 2007.  (Motion at 5-6.)  Federal Rule 55 states that a failure to answer must be shown "by affidavit or otherwise," but says nothing about when a request to enter default should be filed. Plaintiff's counsel mistakenly calculated the date that Defendant's responsive pleading was due as June 6, 2007 and filed the request for entry of default on June 12, 2007.  (See Mitchell Decl. ¶¶ 2, 4.) The affidavit submitted by Plaintiff's counsel with the request for entry of default erroneously stated that Defendant's answer was due June 6, 2007.  However, the affidavit also directed the Clerk of Court to the proof of service filed on May 29, 2007.  (Mitchell Decl. ¶ 3.)  That proof of service clearly indicates that service was effected pursuant to Cal. Code Civ. Proc. § 415.20 and, therefore, that Defendant's answer was due June 16, 2007.  Since the proof of service clearly indicates that Defendant had failed to timely answer as of June 28, 2007, and because Defendant made no other attempt "to plead or otherwise defend" before June 28, 2008, the Court finds the Clerk of Court's entry of default was in accord with the requirements of Federal Rule 55.

With respect to the discretionary factors for setting aside the entry of default, the Court first considers the prejudice to Plaintiff, if any, that would result from granting Defendant's motion. Plaintiff brought this action in March 2007.  (See Docket Item No. 1.)  Defendant did nothing until filing this motion, roughly seventeen months later.  If the entry of default is set aside, the default judgment must also be set aside.  If the Default Judgment is set aside, the resources Plaintiff expended in litigating this action for seventeen months will have been wasted.  Additionally, based on evidence submitted by Plaintiff that Defendant is struggling financially and may be sold in the near future, the Court previously issued a protective order on March 27, 2008 requiring Defendant to, in the event of any sale, transfer, or other disposition, sequester and deposit the amount of the default judgment from the full amount of the proceeds from such sale.[3]  (See Docket Item No. 27.) If the default and default judgment are set aside, the Court's protective order should also be set aside.  Doing so could jeopardize Plaintiff's ability to recover.  In light of the substantial amount of

---

[3] Defendant concedes that it is in financial trouble. (Supplemental Declaration of Steven Gearing in Support of Happy Dog Enterprises, LLC's Motion to Set Aside Default Judgment ¶¶ 31, 32, Docket Item No. 36.)

4

time since this action was initiated and the risk that Plaintiff's ability to recover may be substantially impaired should it successfully re-litigate its claims, the Court finds that Plaintiff will be significantly prejudiced if the entry of default and the Default Judgment are set aside.

Accordingly, the Court finds that the Clerk of Court's entry of default and the Default Judgment should not be set aside under Fed. R. Civ. P. 60(b)(4).[4]

**B.      Whether the Default Judgment Should Be Set Aside Under Fed. R. Civ. P. 60(b)(1)**

Defendant also moves to set aside the Default Judgment under Fed. R. Civ. P. 60(b)(1) on the ground that Defendant was "entirely mistaken" about the Court's proceedings. (Motion at 5.) Defendant contends that it is a struggling small business without the expertise or resources to deal with federal litigation, and that the non-responsiveness of its former attorney compounded its inability to respond in this action. (Id.)

Federal Rule of Civil Procedure 60(b)(1) provides, "[o]n motion ... the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." A Rule 60(b)(1) movant must demonstrate that he "has a meritorious [cause of action] and that arguably one of the four conditions for relief applies-mistake, inadvertence, surprise or excusable neglect." Ben Sager Chem. Int'l. v. E. Targosz & Co., 560 F.2d 805, 809 (7th Cir. 1977). "Neither ignorance nor carelessness on the part of the litigant or [his] attorney provide grounds for relief under Rule 60(b)(1)." Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 607 (7th Cir. 1986); see also Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (petitioner's failure to appeal the dismissal of the action was due to his lack of diligence and was not "excusable neglect" under Rule 60(b)(1)).

Other than Defendant's lack of resources and expertise in dealing with federal litigation, Defendant does not explain what it was "entirely mistaken" about. Defendant does not contend that

---

[4] Since the discretionary factors are disjunctive, a finding that any of them disfavors the movant is sufficient grounds for denying a motion to set aside entry of default. Thus, the Court need not consider Defendant's culpability or ability to show a meritorious defense. See Franchise Holding, 375 F.3d at 926.

5

service of process was improper. In fact, Defendant concedes that it would have received anything sent via first class mail to its place of business.[5] Thus, Defendant essentially concedes that it received the Summons and Complaint in May 2007, which were sent by first class mail to Defendant's place of business. (See Proof of Service, Docket Item No. 3.) Yet, Defendant has ignored the litigation until August 4, 2008, when it filed this motion.

Defendant also attempts to blame his former lawyer for not taking any action in this case.[6] (Motion at 3-4, 5.) However, Defendant did not attempt to obtain another lawyer until after the Court held a hearing on Plaintiff's Motion for Default Judgment. (Gearing Decl. ¶ 11.) Furthermore, Defendant waited almost six months after the Court entered the Default Judgment to find new counsel and bring this motion. Accordingly, the Court finds that Defendant has failed to identify any mistake or excusable neglect that would justify setting aside the Default Judgment.

Accordingly, the Court DENIES Defendant's Motion to Set Aside Default Judgment.

### III.  CONCLUSION

The Court DENIES Defendant's Motion to Set Aside Default Judgment. Defendant shall pay the Judgment as entered by the Court on February 13, 2008.[7]

Dated:  December 15, 2008

JAMES WARE
United States District Judge

---

[5] (Declaration of Steven Gearing in Support of Happy Dog Enterprises, LLC's Motion to Set Aside Default Judgment ¶¶ 9-10, hereafter, "Gearing Decl.," Docket Item No. 30.)

[6] The Court notes that the only lawyer to file a notice of appearance on behalf of Defendant is the lawyer that appear on the present motion.

[7] On November 21, 2008, counsel who appeared to argue this motion on behalf of Defendant filed a notice of withdrawal of representation. (See Docket Item No. 40.) Out of abundance of caution, Plaintiff shall serve Defendant a copy of this Order and file the appropriate certificate of service.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jingming James  Cai jcai@sacattorneys.com
Jonathan Hendrick Van Ee jvanee@sacattorneys.com
Jonathan T. Peck Jonathan.Peck@eeoc.gov
Marcia L. Mitchell marcia.mitchell@eeoc.gov

**Dated:  December 15, 2008**               **Richard W. Wieking, Clerk**

                  **By:   /s/ JW Chambers**
                       **Elizabeth Garcia**
                       **Courtroom Deputy**

**United States District Court**
For the Northern District of California